**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

DAVID MICHAEL CHARLEMAGNE

            Plaintiff,

    v.

POCONO MOUNTAIN REGIONAL
POLICE, et al.,

            Defendants.

CIVIL ACTION NO. 3:20-CV-02136

(MEHALCHICK, M.J.)

**MEMORANDUM**

Presently before the Court is a complaint ("Complaint") filed on November 17, 2020 by *pro se* Plaintiff David Michael Charlemagne ("Plaintiff") against Defendants Pocono Mountain Regional Police ("PMRP"), Detective Robert Miller, and Police Chief PMRP (hereinafter collectively known as "Defendants"). (Doc. 1). In his Complaint, Plaintiff alleges that he was wrongfully arrested at his home after a physical altercation with another person at a previous location. (Doc. 1, at 5). Plaintiff seeks an expungement of his arrest record along with damages for "wages lost, punitive damages, lost benefits, and costs incurred for medical and psychological treatment." (Doc. 1, at 3).

Having conducted the statutorily-mandated screening of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Court finds that Plaintiff has failed to state a claim upon which relief may be granted, but that plaintiff should be granted leave to file an amended complaint.

I.    **BACKGROUND AND PROCEDURAL HISTORY**

On November 17, 2020, Plaintiff filed the instant action against Defendants. (Doc. 1). Plaintiff filed the proper motion for leave to proceed *in forma pauperis* on December 9, 2020,

which the Court grants by separate order.[1] (Doc. 6). Plaintiff claims that he was wrongfully arrested due to racially based motives, prejudice, and incompetence. (Doc. 1, at 2). Plaintiff contends that, for three days, he attempted to inform Defendant Miller of "threatening and abusive voicemails [and] text messages" he and his mother were receiving from Marcus Felton, but that Defendant Miller did not return Plaintiff's calls until 10 pm on September 3, 2020. (Doc. 1, at 4-5). Next, Plaintiff outlines a visit to Felton's home on September 4, 2020, after which Felton attacked him "and a physical altercation ensued." (Doc. 1, at 5). Plaintiff alleges that he called PMRP who instructed him "to meet them at Lombardi's Bar." (Doc. 1, at 5). Plaintiff states that he "filled out a complaint [and] showed [PMRP] bruises and marks from the scuffle" after which the officers instructed him to return home. (Doc. 1, at 5). Plaintiff alleges that his father was subsequently arrested four hours later, and he was arrested 30 minutes after his father. (Doc. 1, at 5). Plaintiff alleges that he has "lost [his] job[, that his] health is deteriorating[, that he] can't sleep normally[, and that his] sleep deprivation is causing [him] to incur numerous other ailments." (Doc. 1, at 5). Plaintiff seeks an expungement of his arrest record along with damages for "wages lost, punitive damages, lost benefits, and costs incurred for medical and psychological treatment." (Doc. 1, at 3).

II.  **SECTION 1915(E)(2) STANDARD**

Under 28 U.S.C. § 1915(e)(2), the Court is statutorily required to review the complaint of a plaintiff proceeding *in forma pauperis* prior to service of process. *See* 28 U.S.C. § 1915(e)(2). In performing this mandatory screening function, a district court applies the same standard

---

[1] Plaintiff filed his initial Motion for Leave to Proceed *in forma pauperis* and a prisoner authorization on November 17, 2020. (Doc. 2). However, Plaintiff filed the form intended for use by incarcerated individuals and the Court instructed him to complete and file the proper form for non-incarcerated individuals. (Doc. 5, at 1).

applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions…'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). The court

also need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan*, 20 F.3d at 1261. This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

Additionally, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, a well-pleaded complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. There is no requirement that the pleading be specific or probable. *Schuchardt*, 839 F.3d at 347 (*citing Phillips v. County of Allegheny*, 515 F.3d at 224, 233-234 (3d Cir. 2008). Rule 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Phillips*, 515 F.3d at 233 (citing

*Twombly*, 550 U.S. at 545).

With these standards in mind, *pro se* documents must "be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Nevertheless, *pro se* plaintiffs are still subject to the base pleading requirements of Rule 8. *Rhett v. NJ State Superior Court*, 260 F. App'x 513 (3d Cir. 2008). If a complaint fails to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

III.   **DISCUSSION**

A.   FAILURE TO STATE A CLAIM UNDER RULE 8

While the undersigned must construe the Complaint liberally due to Plaintiff's status as a *pro se* litigant, the Complaint fails to meet the pleading requirements of Rule 8. Plaintiff's factual allegations do not provide support for the elements required of his legal claims. In alleging a Fourth Amendment false arrest claim, Plaintiff must show that he "was arrested without probable cause." *Dillard v. Cornick*, No. 1:18-CV-70, 2018 WL 4679952, at *4 (M.D. Pa. Sept. 28, 2018); citing *Andrews v. Scuilli*, 853 F.3d 690, 697 (3d Cir. 2017) (internal citation omitted). "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Orsatti v. N.J. State Police*, 71 F.3d 480, 483 (3d Cir. 1995). However, Plaintiff's averments fail to set

forth any well pled factual allegations that would give rise to a facially plausible claim. *See Ashcroft*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. Plaintiff's factual allegations outline an altercation and a subsequent arrest. (Doc. 1, at 5). They do not discuss facts that point to an arrest without probable cause. The complaint does not focus on the circumstances surrounding the arrest nor does it assert why or how Plaintiff was arrested. At most, Plaintiff alleges a series of events that could have led to an arrest without probable cause, but such an allegation is conclusory in nature. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Therefore, Plaintiff has failed to demonstrate the elements required to assert a Fourth Amendment wrongful arrest claim. *See Dillard*, 2018 WL 4679952, at *4-5; *Anderson v. Yelland*, No. 1:15-cv-01322, 2015 WL 4902999, at *3 (M.D. Pa. Aug. 17, 2015).

Plaintiff also fails to provide any factual allegations pertaining to a Fourteenth Amendment claim based on racial profiling. A claim based on racial profiling "requires that [Plaintiff] allege facts from which it could be inferred that the Defendants' actions were taken with a discriminatory effect and that the Defendants were motivated by a discriminatory purpose." *Anderson v. Yelland,* No. 1:15-CV-01322, 2015 WL 4902999, at *3 (M.D. Pa. Aug. 17, 2015). "This requires, at a minimum, 'allegations that similarly situated individuals of a recognizable different ethnic group were not subjected to the same treatment as the plaintiff.'" *Anderson*, 2015 WL 4902999, at *3 (quoting *Murphy v. Mifflin Cnty. Reg'l Police Dep't*, No. CIV.A.1:09-2261, 2011 WL 861812, at *6 (M.D. Pa. Jan. 7, 2011) *report and recommendation adopted,* No. 1:09-CV-2261, 2011 WL 863551 (M.D. Pa. Mar. 9 2011). Here, Plaintiff has failed to demonstrate any discrimination by Defendants beyond a mere recitation of the elements or that Plaintiff "was treated differently from similarly situated individuals of another race." (Doc. 1, at 2); *see Anderson*, 2015 WL 4902999, at *3. Therefore, Plaintiff has

failed to demonstrate the elements required to plead a Fourteenth Amendment claim of racial profiling.[2] *See Anderson*, 2015 WL 4902999, at *3.

B.   LEAVE TO AMEND

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp*, 293 F.3d 103, 108 (3d Cir. 2002). Further, "[a] district court has 'substantial leeway in deciding whether to grant leave to amend.'" *In re Avandia Mktg., Sales Practices & Products Liab. Litig.*, 564 F. App'x 672, 673 (3d Cir. 2014) (not precedential) (quoting *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)). In this case, the Court will grant Plaintiff leave to file an amended complaint in an attempt to cure the deficiencies outlined herein. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

The amended complaint must consist of concise and direct statements alleging which civil rights were violated, and the specific acts that established each violation. Mere speculation is insufficient. Plaintiff is advised to follow each claim with a corresponding good-faith request for relief. Moreover, an amended complaint must, pursuant to Rule 20(a), name only those Defendants implicated in the transaction or occurrence giving rise to Plaintiff's claims and whose involvement in the suit presents a common question of law or facts. Plaintiff must limit claims to those by which he has suffered actual harm due to the actions of the

---

[2] Additionally, Plaintiff fails to assert any factual allegations connected to his state law claims of slander and defamation. (Doc. 1, at 2). Because Plaintiff has failed to adequately plead a federal question and diversity of citizenship does not exist between the parties, the Court lacks original jurisdiction and, therefore, cannot exercise supplemental jurisdiction over Plaintiff's state law claims at this time. *See* 28 U.S.C. § 1331; 28 U.S.C. § 1332(a)(1).

Defendants. Finally, Plaintiff must not include any extraneous information that does not directly involve an alleged act constituting a violation of a civil right.

IV.    CONCLUSION

As it stands, Plaintiff's Complaint fails to state a claim upon which relief may be granted. (Doc. 1). The Court grants Plaintiff leave to file an amended complaint within **30 days** from the date of the Order filed concurrently with this memorandum, on or before **April 22, 2021.**

An appropriate Order follows.


**Dated: March 23, 2021**                                          *s/ Karoline Mehalchick*
                                                                    **KAROLINE MEHALCHICK**
                                                                    **United States Magistrate Judge**